# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**FRANK RAMSEY,**                                                              **PETITIONER**

**v.**                                                                          **No. 2:05CV13-P-B**

**MISSISSIPPI PAROLE BOARD**                                    **RESPONDENT**

## ORDER OF DISMISSAL

This matter comes before the court on the *pro se* petitioner's January 6, 2005, re-submission of his request for *habeas corpus* relief under 28 U.S.C. § 2254. This is clearly one of Mr. Ramsey's numerous attempts to file a successive petition under 28 U.S.C. §§ 2244 and 2254; he has filed at least *six* petitions in this court arising out of his 1986 conviction for manslaughter.[1] To overcome the prohibition against the filing of a second or successive petition under § 2254, the petitioner must show that his motion contains:

1. newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or

2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2244(b)(1) - (2) and 2254. That decision must be made by the court of appeals. *See* §§ 2244(b)(3) and 2254. Until such time as Mr. Ramsey obtains authorization from the Fifth

---

[1] The court has already ruled *six times* on Mr. Ramsey's *habeas corpus* petition. *See Ramsey v. Hargett*, 2:92CV129-S-A (dismissed with prejudice), *Ramsey v. Anderson*, 2:96CV94-B-B (dismissed as successive), *Ramsey v. Booker*, 2:00CV57-D-B (dismissed as successive and untimely), *Ramsey v. Sparkman,* 2:02CV219-D-B (dismissed as successive and untimely), *Ramsey v. Sparkman*, 2:03CV131-D-B (dismissed as successive and untimely), *Ramsey v. State*, 2:03CV403-M-B (dismissed as frivolous because petition was successive; Clerk of the Court directed to return future *habeas corpus* petitions arising out of Ramsey's 1986 conviction for manslaughter to him - unfiled).

Circuit to proceed in this court with this new petition, the court is without jurisdiction to proceed.

It is therefore **ORDERED:**

That Mr. Ramsey's petition is hereby **DISMISSED** for want of subject matter jurisdiction.

This, the 28th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE